FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INTERSCOPE RECORDS; CAROLINE
RECORDS, INC.; CAPITOL RECORDS,
INC.; MAVERICK RECORDING
COMPANY; WARNER BROTHERS
RECORDS, INC.; LONDON-SIRE
RECORDS, INC.; UMG RECORDINGS,
INC.; SONY MUSIC ENTERTAINMENT,
INC.; MOTOWN RECORD COMPANY,
L.P.; ARISTA RECORDS, INC.;
FONOVISA, INC.; BMG MUSIC;
ATLANTIC RECORDING
CORPORATION; ELEKTRA
ENTERTAINMENT GROUP, INC.;
PRIORITY RECORDS LLC; and VIRGIN
RECORDS AMERICA, INC.,

                Plaintiffs,

-vs-                                        Case No. 6:04-cv-197-Orl-22DAB

DOES 1—25,

                Defendants.

## ORDER TO SHOW CAUSE AND RULING ON MOTION

This cause came on for consideration without oral argument on the following motion filed herein:

> MOTION:   PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY (Doc. No. 3)
>
> FILED:     February 17, 2004
>
> THEREON it is ORDERED that the motion is DENIED without prejudice to renewal after consideration of Plaintiffs' response to the Order to Show Cause.



Plaintiffs in this case are 17 record companies who own or license copyrights in popular sound recordings in the United States. Plaintiffs have filed suit against twenty-five unidentified "John Doe" Defendants for copyright infringement. Doc. No. 1. Plaintiffs seek leave to serve immediate discovery on a third-party Internet Service Provider to determine the true identities of the "John Doe" Defendants. Plaintiffs assert that venue and personal jurisdiction in this District are proper. Doc. No. 1 at 2. "On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by the Plaintiffs. . . . [E]ach Defendant contracted with an Internet Service Provider found in this District to provide each Defendant with the access to the Internet which facilitated Defendants' infringing activities." Doc. No. 1 at 2. While pleadings may be based on information and belief rather than actual knowledge, the assertions are inadequate to establish a basis for exercising personal jurisdiction over any of the Defendants or for venue to be proper in this District.

In addition, the papers submitted do not support joinder of this group of Plaintiffs in one action nor the joinder of multiple Defendants.

It is ORDERED that Plaintiffs shall show cause in writing within 11 days from the date of this Order why this case should not be dismissed for improper joinder of Plaintiffs and Defendants and for an inadequate showing that this Court has personal jurisdiction over the Defendants and that venue is proper.

DONE and ORDERED in Orlando, Florida this 5th day of March, 2004.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Presiding District Judge

FILE COPY

Date Printed: 03/08/2004

Notice sent to:

   Karen L. Stetson, Esq.
   Broad & Cassel
   Miami Center, Suite 3000
   201 S. Biscayne Blvd.
   Miami, FL  33131

   6:04-cv-00197    rdo