UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INTERSCOPE RECORDS, a California
general partnership; CAROLINE
RECORDS, INC., a New York
corporation; CAPITOL RECORDS,
INC., a Delaware corporation;
MAVERICK RECORDING
COMPANY, a California joint venture;
WARNER BROS. RECORDS INC., a
Delaware corporation; LONDON-SIRE
RECORDS INC., a Delaware
corporation; UMG RECORDINGS,
INC., a Delaware corporation; SONY
MUSIC ENTERTAINMENT INC., a
Delaware corporation; MOTOWN
RECORD COMPANY, L.P., a California
limited partnership; ARISTA
RECORDS, INC., a Delaware
corporation; FONOVISA, INC., a
California corporation; BMG MUSIC, a
New York general partnership;
ATLANTIC RECORDING
CORPORATION, a Delaware
corporation; ELEKTRA
ENTERTAINMENT GROUP INC., a
Delaware corporation; PRIORITY
RECORDS LLC, a California limited
liability company; and VIRGIN
RECORDS AMERICA, INC., a
California corporation,

Case No.:  6:04-cv-197-Orl-22DAB



                        Plaintiffs,

v.

DOES 1 - 25,

_____  Defendants._____

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE
## DATED MARCH 5, 2004, AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiffs hereby file their Response to this Court's March 5, 2004 Order to show cause

"why this case should not be dismissed for improper joinder of Plaintiffs and Defendants and for

an inadequate showing that this Court has personal jurisdiction over the Defendants and that

venue is proper." For the reasons set forth below, the Court should reserve judgment on those issues until such time as all Defendants have been identified and are before the Court. In any event, personal jurisdiction and venue are proper in this Court, and this case should not be dismissed for improper joinder.

## BACKGROUND

Plaintiffs in this case are major recording companies who own copyrights in sound recordings. The as-yet unnamed Defendants in this case are individuals who have disseminated (and likely are continuing to disseminate) Plaintiffs' copyrighted works unlawfully over a peer-to-peer ("P2P") network. A P2P network is an online media distribution system that allows users to transform their computers into an interactive Internet site, disseminating files for other users to copy. P2P users who disseminate (upload) copyrighted material and who copy (download) such material violate the copyright laws. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013-14 (9th Cir. 2001); *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004).

Each of the Defendants in this case is an active participant in the Fast Track network, the largest current P2P network. Second Declaration of Jonathan Whitehead ¶ 4 ("Second Whitehead Decl.") (attached as Exhibit A). As such, each Defendant participates in an online swap meet, offering copyrighted sound recordings for download to each other and downloading copyrighted sound recordings from each other. Each Defendant has chosen to make available from his or her computer hundreds or thousands of copyrighted sound recordings unlawfully (in exchange for the chance to copy millions of files illegally copied and disseminated by others). *See* Declaration of Jonathan Whitehead in Support of Plaintiffs' Motion for Leave to Take Immediate Discovery ¶ 17 ("Whitehead Decl."); Second Whitehead Decl. ¶ 5.

As explained in the Memorandum of Law in Support of Plaintiffs' *Ex Parte* Motion for Leave to Take Immediate Discovery, Plaintiffs discovered each of the Defendants in this case openly disseminating copyrighted works on the Fast Track network. Plaintiffs could identify the Internet Protocol ("IP") address from which each Defendant was unlawfully disseminating Plaintiffs' copyrighted works, but could not ascertain the name, address, or any other contact information for each of the Defendants.[1]  Whitehead Decl. ¶¶ 16, 21. Using the IP address, Plaintiffs determined that Bright House Networks ("Bright House"), an Internet Service Provider ("ISP") with the majority of its subscribers located in Central Florida, serves as each Defendant's ISP. Only Bright House, which has complete control over which IP addresses are assigned to which subscribers and which maintains logs that match IP addresses with subscribers, possesses that information. Second Whitehead Decl. ¶ 7.

Plaintiffs have substantial evidence to support their claims. With respect to each Defendant, Plaintiffs have specified the IP address, date, and time of the infringement; that information uniquely specifies a Bright House subscriber as the source of the infringement. As explained in more detail in the first Whitehead Declaration, Plaintiffs downloaded a list of the files disseminated by each Defendant and downloaded several files being disseminated by each Defendant to confirm that Plaintiffs owned the copyrights of the sound recordings. *See* Whitehead Decl. ¶¶ 16, 17. For each Defendant, Plaintiffs have provided a list of several copyrighted sound recordings that the Defendant disseminated without authorization. *See* Exhibit A to the Complaint. That list, however, is only a small subset of the copyrighted sound

---

[1] An IP address is a 10-digit number, such as 12.34.255.255. IP addresses are allotted in blocks to ISPs. Second Whitehead Decl. ¶ 7. Only an ISP can determine which subscriber was using a particular IP address allotted to the ISP at a given date and time. ISPs have complete control over the assignment of IP addresses to subscribers. There is no requirement that ISPs assign IP addresses according to where a subscriber resides. *Id.*

recordings that each Defendant is unlawfully disseminating.  As explained in the two Whitehead Declarations, each Defendant appears (based on evaluation of the names and file types) to be offering hundreds of additional copyrighted sound recordings without authorization.  *See* Whitehead Decl. ¶ 17; Second Whitehead Decl. ¶ 5.[2]

Unless and until Bright House discloses the identities of the infringers, Plaintiffs have no remedy for the past and ongoing infringement committed by the Defendants.

## ARGUMENT

## I.   THE ISSUES RAISED BY THE COURT ARE PREMATURE AND SHOULD BE CONSIDERED ONLY AFTER DEFENDANTS HAVE BEEN IDENTIFIED AND NOTIFIED.

Plaintiffs' motion for leave to take immediate discovery seeks only the right to serve discovery on Bright House to identify the Internet users who are unlawfully infringing Plaintiffs' copyrights.  Plaintiffs have satisfied the "good cause" standard required to take such expedited discovery.  *See* Memorandum of Law in Support of Plaintiffs' *Ex Parte* Motion for Leave to Take Immediate Discovery at 6-9 (discussing the "good cause" standard).  Plaintiffs cannot vindicate their rights unless and until Bright House identifies its infringing subscribers. Moreover, Plaintiffs are suffering irreparable harm each day that Defendants continue to infringe their copyrights.  *See CBS, Inc. v. PrimeTime Joint Venture*, 9 F. Supp. 2d 1333, 1344 (S.D. Fla. 1998) ("The majority of Circuits that have considered this issue have held that once a plaintiff establishes a prima facie case of copyright infringement, irreparable injury is presumed.").

---

[2] Plaintiffs have provided to the Court, as an example, detailed lists of the hundreds of files being distributed by three of the Defendants.  *See* Exhibit 1 to Whitehead Decl.  Plaintiffs have also provided testimony under oath that they possess virtually identical evidence for each of the other Defendants.  *See* Whitehead Decl. ¶ 17; Second Whitehead Decl. ¶ 5.

Denial of Plaintiffs' motion for discovery and/or dismissal of this action is tantamount to a decision that Plaintiffs can never obtain any remedy for a clear violation of their rights. For that reason, this Circuit has held that it is an abuse of discretion to deny a motion to join Doe defendants in a suit where their identities can be uncovered through discovery. *See Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997); *see also* Memorandum of Law in Support of Plaintiffs' *Ex Parte* Motion for Leave to Take Immediate Discovery at 5-6. Courts thus regularly authorize discovery from ISPs to identify the defendants using the Internet to break the law. *See, e.g., United Parcel Serv. of Am., Inc. v. John Does One Through Ten*, No. 03cv1639, 2003 WL 21715365, *1 (N.D. Ga. June 13, 2003) (authorizing expedited discovery from ISPs in order to determine the identity of defendants). Indeed, in several similar copyright infringement cases brought by Plaintiffs, courts have authorized the same discovery that Plaintiffs seek here. *See infra* pages 7-8 (citing Exhibits B-G). In all such cases, the plaintiffs do not know who the defendants are or where they reside.

In its Order to Show Cause, the Court raised concerns about personal jurisdiction, venue and joinder. Those issues, however, cannot be resolved before the Defendants have been notified and identified. Any resolution of these issues without all parties before the Court would amount to an advisory opinion based on arguments that a party to the litigation may never raise. *See R.T. Vanderbilt Co. v. Occupational Safety & Health Review Comm'n*, 708 F.2d 570, 574 (11th Cir. 1983). Personal jurisdiction and venue are each personal defenses that may be raised or waived by a defendant. *See Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). Even if one or more Defendants chooses to raise jurisdiction or venue as a defense, resolution of those defenses turns on a host of facts specific to each Defendant. The

5

Court cannot complete an analysis of the Defendants' contacts with this forum until everyone, including the Plaintiffs, knows who the Defendants are.[3]

Consideration of joinder is similarly premature. In most cases, joinder is raised by defendants, based on their assessment of whether litigation without co-defendants is preferable. A court considering a challenge to joinder must determine whether severance will prejudice any party or result in undue delay of the litigation. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (noting that joinder is a fact-intensive inquiry that requires case-by-case adjudication). Until the Defendants are identified, the Court cannot make that assessment. Moreover, even if the parties were not properly joined in this case, "[m]isjoinder of parties is not ground for dismissal of an action." Fed. R. Civ. P. 21. The appropriate remedy is severance. *Id.*

Reserving the issues of jurisdiction, venue, and joinder will not prejudice any Defendant in this case. Plaintiffs' motion for immediate discovery seeks only to obtain the identity of the individuals so that they may be served. That motion expressly contemplates that Bright House will notify each Defendant of Plaintiffs' lawsuit and the subpoena. Thus, each Defendant will have the opportunity to file a motion to quash if that Defendant so desires. Moreover, after each Defendant is identified, he or she will have the opportunity to raise jurisdiction, venue or joinder. At such time, this Court will be able to resolve the issues in the context of a live, concrete dispute.

---

[3] The Federal Rules do not require that personal jurisdiction be pled in the complaint. *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1206, at 96 (2d ed. 1990) ("the complaint need not allege . . . the basis for jurisdiction over the defendant's person."); 5A *Federal Practice and Procedure* § 1363, at 458 ("[T]here is no requirement that personal jurisdiction be alleged."); *Burger King Corp. v. Holder*, 844 F. Supp. 1528, 1531 (S.D. Fla. 1993) (holding that Federal Rules do not require a plaintiff to plead the basis for personal jurisdiction). Thus, when Fed. R. Civ. P. 8 requires a statement as to "jurisdiction," that refers only to subject matter jurisdiction. *See* 2 James W. Moore, *Moore's Federal Practice* § 8.03[1], at 8-9 (3d ed. 2003).

In contrast, denial of Plaintiffs' motion and/or dismissal of this lawsuit will cause tremendous harm to the Plaintiffs. Absent disclosure of the identities of Defendants, Plaintiffs cannot pursue their rights against those who are openly (albeit hidden by an Internet alias) violating their rights. As discussed above, Plaintiffs have volumes of evidence to support their claims: what they lack is the identification of the Defendants in order to proceed.

This case is one of nine similar copyright infringement cases brought by the Plaintiffs against Doe defendants infringing Plaintiffs' copyrights over P2P networks. Plaintiffs brought each case in a jurisdiction where the particular Doe Defendants' ISP can be found.[4] In each case, Plaintiffs sought immediate discovery and explained to the Court that, after Defendants are identified, the parties and the Court can determine whether the case should go forward in that jurisdiction, whether Plaintiffs should pursue some or all Defendants in another forum, and whether the Court should sever some claims.

In seven of the eight other cases, the courts granted Plaintiffs' motions for expedited discovery and deferred litigation of other issues. *See* Order, *Sony Music Entm't, Inc. v. John Does 1-40* (S.D.N.Y. Feb. 3, 2004) (attached as Ex. B); Order, *Warner Bros. v. John Does 1-43*, No. 1:04-cv-00476-JES (S.D.N.Y. Feb. 10, 2004) (Sprizzo, J.) (ruling from the bench); *Capitol Records, Inc. v. John Does 1-250* (S.D.N.Y. Jan 27, 2004) (attached as Ex. C); *Elektra Entm't*

---

[4] The jurisdiction where the ISP is found is the fairest and most practical forum for several reasons. First, the customer base of many ISPs resides in the area around where the ISP is headquartered. Second, an ISP's subscribers generally enter into a contract with the ISP requiring consent to jurisdiction in the courts of the state where the ISP is headquartered. *See, e.g.,* Bright House Networks Central Florida Terms and Conditions of Use, http://www.cfl.mybrighthouse.com/useragreement.shtml. Third, even if Plaintiffs brought suit in another forum, they would nonetheless have to issue the subpoena from the forum in which the ISP is located. Bright House has indicated to Plaintiffs that subpoenas for information about their subscribers should be served on their Maitland, Florida office. Regardless of where the complaint is filed, this Court will be the forum to resolve disputes arising out of subpoenas to Bright House.

*Group, Inc. v. Does 1-7* (D.N.J. Feb. 17, 2004) (attached as Ex. D); Memorandum Opinion and

Order, *UMG Recordings v. John Does 1-199* (D.D.C. Mar. 10, 2004) (attached as Ex. E); Order,

*Motown Record Co., L.P. v. Does 1-252* at 3 (N.D. Ga. Mar. 1, 2004) (holding that "procedural

issues identified by *amici* [including joinder] can be resolved in the ordinary course of this

litigation at the appropriate time") (attached as Ex. F); Order, *Virgin Records Am., Inc. v. Does

1-44* at 2-3 (N.D. Ga. Mar. 3, 2004) (holding that "the issues raised by *amici* [including joinder]

are premature," and "may be resolved in the ordinary course of this litigation if and when such

issues are raised by any Defendant") (attached as Ex. G).[5]

As the District Court for the District of Columbia recently held, "[i]t is clear to the Court

that Defendants must be identified before this suit can progress further." Ex. E at 2.

Accordingly, that court concluded that it was "premature[]" to consider jurisdiction and other

issues, and instead granted Plaintiffs' motion to take immediate discovery. *Id.* Similarly, a

judge in the Northern District of Georgia concluded that issues of jurisdiction and joinder should

be deferred so that they "can be resolved in the ordinary course of this litigation at the

appropriate time." *See* Ex. F at 3.

This Court should follow the well-reasoned decisions of these seven courts. By granting

Plaintiffs' motion for immediate discovery, the Court will ensure that Plaintiffs can vindicate

their rights and that each Defendant has the opportunity to raise jurisdiction, venue, and joinder

at an appropriate time.

---

[5] The only court to deviate from this course severed the case into separate actions, but
nonetheless granted Plaintiffs' motion for immediate discovery with respect to the one Defendant
in the action that remained before the judge. *See* Order, *BMG Music v. Does 1-203*, Civ. Act.
No. 04-650 (E.D. Pa. Mar. 5, 2004). That decision is currently the subject of a motion for
reconsideration.

## II. PERSONAL JURISDICTION AND VENUE ARE PROPER IN THIS DISTRICT.

### A. Plaintiffs Need Only Show That They Have Reasonably Sought to Identify the Defendants to Meet Their Burden at This Stage.

Courts regularly authorize discovery into jurisdictional facts whenever such discovery is likely to lead to evidence relevant to jurisdiction. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729-31 & n.7 (11th Cir. 1982) (holding that district court's dismissal for lack of jurisdiction was "premature" and that "Plaintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction"). Where plaintiffs sue unnamed defendants, plaintiffs satisfy any obligation to allege personal jurisdiction by showing "that they have engaged in a reasonably diligent search to identify the unknown defendants," and by taking steps to "provide these individuals with constructive notice." *Plant v. Does*, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998) (internal quotations and citations omitted). This standard recognizes that dismissal for lack of personal jurisdiction or venue prior to identifying the Defendants would preclude Plaintiffs from ever being able to bring legal action, even if the Defendants live down the street from the court house.

Plaintiffs have satisfied that standard here. First, Plaintiffs have demonstrated that they do not know Defendants' identities or geographic locations and have no way of serving them. *See* Memorandum of Law in Support of Plaintiffs' *Ex Parte* Motion for Leave to Take Immediate Discovery at 2-3; Whitehead Decl. ¶¶ 11, 17, 22. Moreover, Plaintiffs have undertaken substantial efforts to identify each Defendant by a unique Internet Protocol address assigned at the date and time of the Defendant's infringing activity. *See* Memorandum of Law in Support of Plaintiffs' *Ex Parte* Motion for Leave to Take Immediate Discovery at 2-3; Whitehead Decl. ¶¶ 13, 17. Absent discovery from Bright House, however, Plaintiffs will never know more about the Defendants' identities than they do now.

9

Second, although Plaintiffs cannot at this time provide Defendants with notice of this lawsuit, Defendants will receive notice once Plaintiffs' subpoena is served on Bright House, because Bright House will be able to notify each Defendant to inform them of the lawsuit. *See* Memorandum of Law in Support of Plaintiffs' *Ex Parte* Motion for Leave to Take Immediate Discovery at 10. Defendants will then have the opportunity to raise any objections before this Court in the form of a motion to quash. *Id.* For these reasons, Plaintiffs have made a sufficient showing at this stage to survive dismissal.

**B.      Jurisdiction and Venue Are Proper in This Court.**

Even in the absence of the identity and geographic location of the Defendants, Plaintiffs can proffer sufficient facts to support personal jurisdiction and venue in this case. Plaintiffs acknowledge the possibility that one or more Defendants may not reside in this district. That possibility does not, however, mean that this Court has no jurisdiction over them. In this case, all of the Defendants are significant users of the same P2P network. As such, each Defendant transformed his or her computer into an interactive Internet site, allowing others to complete electronic transactions (by downloading copyrighted works) over the Internet. Each Defendant disseminated copyrighted works to anyone that wanted them (including residents of this jurisdiction) and downloaded copyrighted works from others who offered them (including residents of this jurisdiction).[6] *See Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 511-13 (D.C. Cir. 2002) (holding that an interactive Internet site allowing electronic transactions may establish "continuous" and "systematic" contacts sufficient for general personal jurisdiction).

---

[6] A user downloading a music file on a P2P network such as KaZaA may download the same file from multiple computers at one time. *See* Second Whitehead Decl. ¶ 6. Thus, when a user in New Jersey downloads a file, he or she may be receiving parts of the same file, at the same time, from a computer in Georgia, a computer in California, and a computer in Florida. *Id.*

Thus, this case involves Defendants who have transformed their computers into highly interactive sites. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (distinguishing passive websites which generally do not provide sufficient contacts from a forum to justify an assertion of jurisdiction with "interactive" websites which generally do support an assertion of jurisdiction); *Hartoy Inc. v. Thompson*, No. 02-80454-CIV, 2003 WL 21468079, at *5 (S.D. Fla. Jan. 29, 2003) ("the fact that the website allowed the placement of orders means that the site could not have only presented passive advertisement").[7]

By offering copyrighted works to residents of this forum and engaging in electronic transactions with residents of this forum, each of the Defendants has purposefully directed activity into this district. For that reason, each Defendant, regardless of where he or she resides, is subject to the jurisdiction of this Court.

There is, however, strong evidence that many, if not all, of the Defendants in this case actually reside in Florida. As discussed above, each Defendant is a subscriber of Bright House Networks. Bright House has 2.1 million subscribers, a majority of whom reside in central Florida. *See* http://www.cfl.mybrighthouse.com/customercare/FAQ/faq_brighthouse.shtml. Of that number, most reside in counties within this judicial district (in central Florida: Brevard, Flagler, Lake, Marion, Orange, Osceola, Seminole, Sumter, and Volusia counties; in the Tampa Bay area: Citrus, Hernando, Hillsborough, Manatee, Pasco, Pinellas and Polk counties). *See* http://www.mybrighthouse.com (listing counties under the "Where" pull-down tab).

---

[7] The fact that P2P infringers trade copyrighted works rather than sell them is irrelevant to whether the websites are fully interactive. The key issue is whether the sites are interactive. The law of jurisdiction does not distinguish between illegal acts committed in exchange for money and illegal acts committed in exchange for bartered (and illegal) goods.

Finally, the same facts support a finding that venue in this jurisdiction is proper.  Under 28 U.S.C. §1391(b), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  As discussed above, by offering copyrighted materials over a P2P system to residents of this district and engaging in electronic transactions (uploading and downloading) with other P2P users, Defendants committed copyright infringement in this district.  Moreover, as discussed above, Plaintiffs have a good faith belief that a substantial number of the Defendants reside within this judicial district.  *See* 28 U.S.C. § 1400(a) (venue is proper in "the district in which the defendant or his agent resides or may be found").

### C.   If This Court Does Not Have Jurisdiction Over One or More Defendants in This Case, the Problem Can Be Cured at a Later Time.

Even if this Court remains concerned about personal jurisdiction, the proper course is to defer the issue until such time as the Defendants are actually before the Court.  After Bright House discloses the identities and locations of the Defendants, all parties will be in a position to ascertain whether this or another forum is appropriate.  Moreover, each Defendant will have the opportunity to raise jurisdictional objections.

### III.   JOINDER IS PROPER IN THIS CASE.

The allegations in Plaintiffs' Complaint demonstrate that joinder of Plaintiffs and Defendants is appropriate under Federal Rule of Civil Procedure 20 and Eleventh Circuit law.

As the Supreme Court has made clear, the Federal Rules of Civil Procedure require courts to "entertain[] the broadest possible scope of action consistent with fairness to the parties," and "strongly encourage" the "joinder of claims, parties and remedies."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  Thus, federal courts must "employ a liberal

approach to permissive joinder of claims *and* parties in the interest of judicial economy." *Alexander v. Fulton County,* 207 F.3d 1303, 1323 (11th Cir. 2000).

Accordingly, this Court has wide discretion in determining whether joinder is appropriate and, if it is not, at what stage of the proceedings severance should be compelled. *See id.* at 1324-25. Indeed, severance at such an early stage in the proceedings is disfavored because the Court has ample authority to order severance or to require separate trials at any time such an order is in the interest of justice and efficiency. *See, e.g.,* 4 James W. Moore, *Moore's Federal Practice* § 20.09, at 20-58 (3d ed. 2003) ("Any party may move for a separate trial, or the court may order it on its own motion. The court's discretionary authority to order separate trials eliminates all reasonable objections to the liberal joinder provisions of Rule 20.").

To satisfy the joinder requirements of Federal Rule of Civil Procedure 20, a party must show "1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined." *Alexander,* 207 F.3d at 1323. The Supreme Court has instructed courts to interpret the terms "transaction" and "occurrence" broadly in accord with Rule 20's central purposes of promoting trial convenience, expediting the resolution of disputes, and preventing unnecessary lawsuits. *See id.* at 1323. Indeed, Eleventh Circuit law holds that a complaint satisfies the transaction or occurrence requirement when it alleges that the defendants engaged in a common scheme or pattern of behavior. *See Moore v. Comfed Sav. Bank,* 908 F.2d 834, 839 (11th Cir. 1990)

The allegations in Plaintiffs' Complaint easily satisfy these standards. The crux of Plaintiffs' Complaint is that Defendants and others have participated in a common scheme or pattern of behavior, without which no individual Defendant would have been able to commit

much (if any) of the infringing activity that underlies Plaintiffs' Complaint.  Plaintiffs' Complaint alleges explicitly that each Defendant uses an online media distribution system (the P2P network) to distribute to and to download from other users of the same system – including the other Defendants – computer files that contain copyrighted sound recordings.  Compl. ¶ 24; Second Whitehead Decl. ¶ 4; *see also* Whitehead Decl. ¶¶ 7, 16.  Plaintiffs set forth a sample of the sound recordings that each Defendant is disseminating in Exhibit A to the Complaint, but each Defendant is also disseminating hundreds of other copyrighted sound recordings owned by others of the Plaintiffs.  *See* Exhibit A to the Complaint.  Plaintiffs have detailed lists of the sound recordings offered by each Defendant, but have submitted only a sample so as not to overwhelm the court with paper.  *See* Second Whitehead Decl. ¶ 5.

Plaintiffs' right to relief from each of the Defendants thus arises out of the same series of transactions (the Defendants' unlawful downloading and dissemination of Plaintiffs' sound recordings using the same P2P network) and involves common questions of law (violation of the copyright laws).  Indeed, this case presents a quintessential example of the benefits of joinder.  As the Eleventh Circuit has held, "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits."  *Alexander,* 207 F.3d at 1323.  Here, if the Defendants were not joined in a single lawsuit, the result would be the division of this case into 25 lawsuits and 25 motions for leave to issue 25 virtually identical subpoenas to Bright House.  Thus, the litigation would proceed exactly as here, except with a far greater burden on Plaintiffs, Bright House, and the Court.[8]  Severance

---

[8] If the Plaintiffs were not joined in a single lawsuit, the burden would be far greater.  Each of the seventeen Plaintiffs would have to file separate lawsuits against each of the Defendants infringing their copyrights.  That could result in as many as 425 separate lawsuits (17 Plaintiffs each filing 25 lawsuits).

would impose significant burdens on the judges of this Court (25 lawsuits with 25 motions) and thus would represent precisely the kind of inefficient and cumbersome litigation that Rule 20 is designed to avoid.

Finally, severance now would not provide any additional fairness to Defendants. Defendants may prefer to litigate together, rather than separately, given the commonality of issues among them. Severance at this stage denies them that choice. Defendants will, however, have the opportunity to raise joinder after they have been identified, and this Court will be able to re-consider the issue at a later date. Indeed, by reserving the question of joinder until a later stage in the litigation, this Court can resolve the question with the benefit of knowing the identities and geographic locations of the Defendants and the views of the Defendants concerning whether the claims should proceed separately or in a single lawsuit.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' *Ex Parte* Motion For Leave to Take Immediate Discovery and enter an Order substantially in the form of Proposed Order submitted with that motion.

DATED: ___3|16|2004___

_____K. Doud  (for)_____   Fla. Bar No. 0523771
Karen L. Stetson
Florida Bar No. 742937
Trial Counsel
Broad and Cassel
201 South Biscayne Blvd., Suite 3000
Miami, Florida 33131
Telephone: (305) 373-9400
Facsimile: (305) 373-9443

ATTORNEYS FOR PLAINTIFFS

15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

INTERSCOPE RECORDS, a California
general partnership; CAROLINE
RECORDS, INC., a New York
corporation; CAPITOL RECORDS,
INC., a Delaware corporation;
MAVERICK RECORDING
COMPANY, a California joint venture;
WARNER BROS. RECORDS INC., a
Delaware corporation; LONDON-SIRE
RECORDS INC., a Delaware
corporation; UMG RECORDINGS,
INC., a Delaware corporation; SONY
MUSIC ENTERTAINMENT INC., a
Delaware corporation; MOTOWN
RECORD COMPANY, L.P., a California
limited partnership; ARISTA
RECORDS, INC., a Delaware
corporation; FONOVISA, INC., a
California corporation; BMG MUSIC, a
New York general partnership;
ATLANTIC RECORDING
CORPORATION, a Delaware
corporation; ELEKTRA
ENTERTAINMENT GROUP INC., a
Delaware corporation; PRIORITY
RECORDS LLC, a California limited
liability company; and VIRGIN
RECORDS AMERICA, INC., a
California corporation,

Case No.:  6:04-CV-197-Orl-22DAB

Plaintiffs,

v.

DOES 1 - 25,

Defendants.

_____

## SECOND DECLARATION OF JONATHAN WHITEHEAD

I, Jonathan Whitehead, have personal knowledge of the facts stated below and, under

penalty of perjury, hereby declare:



1.      I am Vice President and Counsel for Online Copyright Protection for the

Recording Industry Association of America, Inc. ("RIAA"), where I have been employed for

over 6 years.  My office is located at 1330 Connecticut Avenue, N.W., Washington, DC 20036.

2.      I previously submitted a declaration in support of Plaintiffs' *Ex Parte* Motion for

Leave to Take Immediate Discovery in this case.  I submit this declaration in support of

Plaintiffs' Response to this Court's Order to Show Cause.

3.      This declaration is based on my personal knowledge, and if called upon to do so, I

would be prepared to testify to its truth and accuracy.

### The Defendants Use the Same FastTrack Network

4.      RIAA members have filed nine so-called "John Doe" lawsuits in United States

District Courts, including the instant case.  These nine lawsuits include a total of more than 1000

Doe Defendants, approximately 99% of whom are using the so-called "FastTrack" network to

trade copyrighted works, including all 25 Defendants in this case.  FastTrack is the largest

current peer-to-peer network.

5.      Based on the steps described in paragraph 16 of the declaration I previously

submitted in this case, RIAA was able to determine that each Defendant in this case has offered

hundreds or thousands of copyrighted sound recordings unlawfully on P2P networks.  As

described in paragraphs 16 and 17 of that declaration, RIAA has collected a list of the files that

each Doe Defendant in this case has made available to the public.  Exhibit 1 to that declaration

contains such lists for three of the Defendants.  The same detailed information of the lists of files

that the other Defendants have made available to the public can be provided to this Court, if

necessary.

### Geographic Issues Relating to P2P Users

6.       As I explained in my previous declaration in this case, much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks.  Examples of P2P networks include KaZaA, iMesh, Grokster and Gnutella.  When a user downloads a file on a P2P network, the user may download the same file from multiple computers at one time.  For example, when a user in New Jersey downloads a file using a P2P network, he or she may receive parts of the same file, at the same time, from computers in multiple geographical locations, e.g., from a computer in the Georgia, a computer in California, and a computer in Florida.

7.       As discussed in my declaration in support of Plaintiffs' *Ex Parte* Motion for Leave to Take Immediate Discovery in this case, copyright owners cannot know the exact location of users disseminating copyrighted works over P2P networks.  They can, however, identify the Internet Protocol ("IP") addresses of infringers.  An IP address is a 10-digit number, such as 12.34.255.255.  IP addresses are allotted to Internet Service Providers ("ISPs") in blocks or ranges (such 12.34.1.1 to 12.34.255.255).  Only the ISP, however, can determine which subscriber was using a particular IP address at a given date and time.  ISPs have complete control over the assignment of IP addresses to subscribers.  In addition, there is no requirement that ISPs assign IP addresses according to where a subscriber resides.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March ___15___, 2004 in _____.

Jonathan Whitehead

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

SONY MUSIC ENTERTAINMENT INC.            :
et al.,
                                         :

                    Plaintiffs           :          ORDER

            - against -                  :          04 Civ. 473 (DC)

DOES 1 - 40,                             :

                    Defendants.          :
- - - - - - - - - - - - - - - - -x


CHIN, D.J.

        On January 26, 2004, this Court issued an order

granting plaintiffs' ex parte application for permission to

immediately serve discovery requests on a non-party witness,

Cablevision.

        Yesterday, the Court received a letter from the

Electronic Frontier Foundation ("EFF"), on behalf of EFF, the

American Civil Liberties Union, and Public Citizen, as amici

curiae, objecting to discovery by plaintiffs "into the identities

of persons who have communicated anonymously over the Internet."

        In their memorandum, plaintiffs represented that if

their ex parte application were granted, they would serve a

subpoena on Cablevision giving it fifteen business days in which

to respond.  Plaintiffs recognized that Cablevision would then be

able to notify its subscribers that this information was being

sought, and each defendant would then be able to object to the

subpoena or to move to quash prior to the return date of the



subpoena.  Of course, Cablevision also has the right to move itself to quash the subpoena.

IT IS HEREBY ORDERED AS FOLLOWS:

1.   The Court's January 26, 2004 order remains in effect;

2.   If and when Cablevision is served with a subpoena, within five business days thereof it shall give notice to the subscribers in question of the subpoena, and if Cablevision and/or any subscribers and/or any defendants wish to move to quash the subpoena, they shall do so before the return date of the subpoena;

3.   If and when it is served with a subpoena, Cablevision shall preserve the subpoenaed information in question pending resolution of any timely filed motion to quash;

4.   The issues raised by amici will be considered by the Court if and when any subscriber or defendant or Cablevision moves to quash and the parties and non-party witnesses have had an opportunity to be heard; and

5.   Counsel for plaintiffs shall provide a copy of this order to Cablevision when the subpoena is served, or, if the subpoena already has been served, then forthwith.  Plaintiffs' counsel shall also fax a copy to ECF.

SO ORDERED.

Dated:   New York, New York
         February 3, 2004

DENNY CHIN
United States District Judge

- 2 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

CAPITOL RECORDS, INC., a Delaware
corporation; ARISTA RECORDS, INC., a
Delaware corporation; INTERSCOPE
RECORDS, a California general partnership;
LOUD RECORDS, LLC, a Delaware corporation;
UMG RECORDINGS, INC., a Delaware
corporation; WARNER BROS. RECORDS INC.,
a Delaware corporation; ATLANTIC
RECORDING CORPORATION, a Delaware
corporation; FONOVISA, INC., a California
corporation; SONY MUSIC ENTERTAINMENT
INC., a Delaware corporation; BMG MUSIC, a
New York general partnership; LONDON-SIRE
RECORDS INC., a Delaware corporation;
MOTOWN RECORD COMPANY, L.P., a
California limited partnership; PRIORITY
RECORDS LLC, a California limited liability
company; MAVERICK RECORDING
COMPANY, a California joint venture;
ELEKTRA ENTERTAINMENT GROUP INC., a
Delaware corporation; and VIRGIN RECORDS
AMERICA, INC., a California corporation,

                          Plaintiffs,

         -against-

DOES 1 - 250,

                        Defendants.
_____ x

Civil Action No.: 04 CV 472 (LAK)(HBP)

DOCUMENT
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/04

## [PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION TO TAKE IMMEDIATE DISCOVERY

Upon the *ex parte* application of Plaintiffs to take immediate discovery, the annexed

declaration of Jonathan Whitehead and the exhibit thereto, the annexed declaration of J.



Christopher Jensen, Esq., and the accompanying Memorandum of Law, it is hereby:


ORDERED that Plaintiffs may serve immediate discovery on Time Warner Cable to

obtain the identity each Doe Defendant by requesting the name, address, telephone number, e-

mail address, and Media Access Control addresses for each Defendant.  ~~The disclosure of this~~

~~information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).~~


IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response

to the discovery requests may be used by Plaintiffs solely for the purpose of protecting Plaintiffs'

rights under the Copyright Act.

Dated: _1/26/04_

_____
United States District Judge

0617027.1

STERNS & WEINROTH, P.C.
50 West State Street, Suite 1400
Trenton, N.J. 08607-1298
KAREN A. CONFOY (KC-0848)
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ELEKTRA ENTERTAINMENT
GROUP INC., a Delaware
corporation; CAPITOL
RECORDS, INC., a Delaware
corporation; PRIORITY
RECORDS LLC, a California
limited liability company; VIRGIN
RECORDS AMERICA, INC., a
California corporation; WARNER
BROS. RECORDS INC., a
Delaware corporation; SONY
MUSIC ENTERTAINMENT INC.,
a Delaware corporation; ARISTA
RECORDS, INC., a Delaware
corporation; BMG MUSIC, a New
York general partnership;
MAVERICK RECORDING
COMPANY, a California joint
venture; MOTOWN RECORD
COMPANY, L.P., a California
limited partnership; UMG
RECORDINGS, INC., a Delaware
corporation; INTERSCOPE
RECORDS, a California general
partnership; and ATLANTIC
RECORDING CORPORATION, a
Delaware corporation,

              Plaintiffs,

    v.

DOES 1 - 7,

              Defendants.

CIVIL ACTION
Case No.: ~~04~~ 04-617(66B)

[~~PROPOSED~~] ORDER GRANTING
EX PARTE RELIEF PERMITTING
PLAINTIFFS TO CONDUCT
LIMITED EXPEDITED
DISCOVERY UPON RCN
CORPORATION

RECEIVED

FEB 1 6 2004

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK



Upon Plaintiffs' application for an Order to Show Cause granting

Plaintiffs *ex parte* relief permitting them to conduct limited expedited discovery,

the supporting memorandum of law, the declaration of Jonathan Whitehead and

exhibit thereto, and the declaration of Karen A. Confoy, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on RCN to

obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that

seeks information sufficient to identify each Doe Defendant, including the name,

address, telephone number, e-mail address, and Media Access Control addresses

for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to

Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for

the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 2/17/04

United States District Judge

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UMG RECORDINGS, *et al.*,

    Plaintiffs,

      v.

JOHN DOES 1-199,

    Defendants.

Civil Action No. 04-093 (CKK)

**MEMORANDUM OPINION**
(March 10, 2004)

Before the Court is Plaintiffs' motion for leave to take expedited discovery. Plaintiffs are record companies suing a series of John Doe Defendants for copyright infringement. Plaintiffs request permission to serve limited, immediate discovery on Verizon, a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena. Plaintiffs seek the true identities of Defendants, including each Defendant's true name, address, telephone number, email address, and Media Access Control address.

According to Plaintiffs' complaint, each Defendant uses an online media distribution system to download Plaintiffs' copyrighted works, distribute these works to the public, and/or make copyrighted works available for distribution to others. Pls' Mot. at 2. Although Plaintiffs do not know Defendants names, Plaintiffs have identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. *Id.* Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it belongs to Verizon. *Id.*



Public Citizen, the American Civil Liberties Union ("ACLU"), the Electronic Frontier Foundation, and the ACLU of the National Capitol Area have collectively requested leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion.  *See Amici* Mot.  Plaintiffs oppose this motion, stating that the issues raised by *amici* are premature.  Plaintiffs point out that no party has raised the issues *amici* raises in its memorandum, and that it is well established that *amici* cannot inject issues into a case which have yet to be raised by a party.  Pls' Opp. to *Amici* Mot. at 1, 5; *see McCleskey v. Zant*, 499 U.S. 467, 523 n.10 (1991).  While Plaintiffs are correct that *amici* raise issues prematurely, the constitutional and procedural issues identified by *amici* can be resolved in the ordinary course of this litigation at the appropriate time.  Accordingly, the Court shall Grant *amici*'s motion for leave to file.

It is clear to the Court that Defendants must be identified before this suit can progress further.  The Court shall grant Plaintiffs' request for expedited discovery, with certain limitations outlined herein.  Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address.  The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court.  Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint.

If and when Verizon is served with a subpoena, Verizon shall give written notice, which may include email notice, to the subscribers in question within five business days.  If Verizon

and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service.  Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena.

An appropriate Order accompanies this Opinion.


March 10, 2004                                    ____/s/_____
                                                 COLLEEN KOLLAR-KOTELLY
                                                 United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UMG RECORDINGS, *et al.*,

    Plaintiffs,

      v.

JOHN DOES 1-199,

    Defendants.

Civil Action No. 04-093 (CKK)

## ORDER
### (March 10, 2004)

In keeping with the accompanying Memorandum Opinion, it is this 10th day of March, 2004, hereby

ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [5] is GRANTED. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint. If and when Verizon is served with a subpoena, Verizon shall give written notice, which can include use of email, to the subscribers in question within five business days. If Verizon and/or any Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

ORDERED that Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena; it is further

ORDERED that the Motion of Public Citizen, the American Civil Liberties Union, the Electronic Frontier Foundation and the ACLU of the National Capitol Area to file as *amici curiae* [6] is GRANTED.

March 10, 2004                                    _____/s/_____

                                                            COLLEEN KOLLAR-KOTELLY
                                                            United States District Judge

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 0 1 2004

LUTHER D. THOMAS, Clerk
By: *Sue Coalson*
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MOTOWN RECORD COMPANY, L.P.,
a California limited partnership, et al.,

      Plaintiffs,

v.

DOES 1-252,

      Defendants.

CIVIL ACTION FILE

NO. 1:04-CV-439-WBH

## **ORDER**

Before the Court is Plaintiffs' motion for leave to take expedited discovery [3] in

which Plaintiffs request Court permission to serve limited, immediate discovery on third

party Internet Service Provider ("ISP") Cox Communications ("Cox") to determine the true

identities of the Defendants. According to the Complaint, each Defendant used an online

media distribution system to download Plaintiffs' copyrighted works, distribute copyrighted

works to the public, and/or make copyrighted works available for distribution to others.

Although Plaintiffs do not know the true names of the Defendants, Plaintiffs have identified

each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on

the date and at the time of the allegedly infringing activity. Through the use of a publicly

available database, Plaintiffs have traced the IP address for each Defendant and determined

that it is Cox.[1]

---

[1] On the same day that they filed this action, Plaintiffs filed a nearly identical complaint
in this district against unidentified defendants who allegedly used Earthlink as their ISP. See
Virgin Records America, Inc., et al. v. Does 1-44, 1:04-CV-0438-CC (N.D. Ga.). Plaintiffs have
recently filed similar cases in other parts of the country as well.

AO 72A

In their motion, Plaintiffs ask the Court for permission to serve a Rule 45 subpoena on Cox seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address. Plaintiffs state that if the Court grants their motion, they will serve a subpoena on Cox and give Cox 15 business days to either comply with it or file a motion to quash. Plaintiffs believe that upon receiving the subpoena, Cox will notify its subscribers that this information is being sought, thus providing the individual Defendants with a narrow window of time during which they may move to quash the subpoena.

Public Citizen, the ACLU, and the Electronic Frontier Foundation (collectively "amici") have filed a memorandum as amici curiae addressing this motion.[2] In their memorandum, amici claim that Plaintiffs have failed to make a showing sufficient to warrant discovery into the identities of persons who have communicated anonymously over the Internet, arguing that the First Amendment right to anonymous speech must be protected. Amici also argue that this case presents significant issues related to personal jurisdiction and joinder. Finally, amici argue that if the Court allows the discovery, the Court should enlarge the period of time during which Cox must respond to the subpoena so that the individual defendants will have a meaningful opportunity to voice their objections, if any, to the subpoena.

---

[2] Plaintiffs take the position that the Court should deny amici's motion to file their memorandum. While the Court is not inclined to follow all the recommendations raised by amici – at least at this point – the Court nevertheless found amici's memorandum helpful and insightful. For that reason, amici's motion for leave to file their memorandum is granted. See DeJulio v. Georgia, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001) (noting that there is no rule governing the filing of an amicus brief in district court and stating that the decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court).

Plaintiffs respond, and the Court agrees, that the issues raised by <u>amici</u> are premature. As Plaintiffs point out, no party to this action has raised any of the issues addressed in <u>amici's</u> memorandum, and it is well established that <u>amici</u> cannot inject issues into a case which have not been raised by a party. <u>See</u> <u>McCleskey v. Zant</u>, 499 U.S. 467, 523 n.10 (1991). The constitutional as well as the procedural issues identified by <u>amici</u> can be resolved in the ordinary course of this litigation at the appropriate time.

In order to get this case moving, Defendants must be identified, and Plaintiffs' request for expedited discovery is reasonably tailored to achieve this goal. The Court agrees with <u>amici</u>, however, that Cox should be given a slightly longer period during which it may respond to the subpoenas.

Accordingly, IT IS HEREBY ORDERED THAT:

> Plaintiffs may serve immediate discovery on Cox to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each Defendant.

> The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court;

> Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint;

> If and when Cox is served with a subpoena, within five business days thereof, it shall give notice to the subscribers in question of the subpoena. If Cox and/or any Defendant wishes to move to quash the subpoena, the party must do so before the return date of the subpoena, which will be 25 business days from the date of service;

\O 72A

If and when Cox is served with a subpoena, Cox shall preserve the subpoenaed information in question pending resolution of any timely filed motion to quash; and

Counsel for Plaintiffs shall provide a copy of this Order to Cox along with the subpoena.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for leave to take expedited discovery [3] is GRANTED.   Amici's motion for leave to file memorandum [5] is GRANTED.

It is so ORDERED this ___/___ day of March, 2004.

Willis B. Hunt, Jr.
Judge, United States District Court

4

AO 72A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 3   2004

LUTHER D. THOMAS, Clerk
By: [signature]
Deputy Clerk

VIRGIN RECORDS AMERICA, INC.,
et al.,

                         Plaintiffs,

v.

DOES 1 - 44,

                         Defendants.

CIVIL ACTION NO.

1:04-CV-0438-CC



## ORDER

Currently pending before the Court is Plaintiffs' Motion for Leave to Take Expedited Discovery. Plaintiffs, record companies who own copyrights in various sound recordings, seek leave of Court to serve limited, immediate discovery on Earthlink, Inc. ("Earthlink"), a third party Internet Service Provider ("ISP"), in order to determine the true identities of the Doe Defendants.

According to Plaintiffs' Complaint, the Doe Defendants used an online media distribution system to download Plaintiffs' copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the Defendants' allegedly infringing activity. Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant, and have determined that the ISP is Earthlink.[1] In their motion for expedited discovery, Plaintiffs ask the Court for permission to serve a Rule 45

---

[1]     Plaintiffs have submitted the declaration of Jonathan Whitehead, Vice President and Counsel for Online Copyright Protection for the Recording Industry Association of America, Inc., in support of their motion for expedited discovery.

subpoena on Earthlink that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

Public Citizen, the American Civil Liberties Union, The Electronic Frontier Foundation, and the ACLU of Georgia (collectively referred to as "*amici*") have moved the Court for leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion for expedited discovery. In their memorandum, *amici* argue that Plaintiffs have not made a sufficient factual showing to warrant discovery into the identities of persons who have communicated anonymously over the Internet, or made a sufficient showing that this Court has personal jurisdiction over each Defendant. In addition, *amici* argue that there are also serious concerns whether all 44 Doe Defendants are properly joined in one action. Lastly, *amici* argue that if the Court does allow some discovery, the Court should enlarge the period of time which Earthlink has to respond so that the individual defendants will have a meaningful opportunity to object to the subpoena if they so choose. Plaintiffs' oppose *amici's* motion, arguing that *amici's* effort to inject themselves into this case is premature.

As an initial matter, *amici's* motion for leave to file their memorandum is GRANTED.[2] However, after consideration of *amici's* brief, the Court agrees with Plaintiffs that the issues raised by *amici* are premature. In this regard, no party to this action has raised any of the issues addressed in *amici's* memorandum, and *amici* may not inject issues into the case which have not been raised by a party. *See* McCleskey v. Zant, 499 U.S. 467, 523 n.10, 111 S.Ct. 1454, 1485 n.10, 113 L.Ed.2d 517 (1991) ("It is well established . . . that this Court will not consider an argument

---

[2]   *See* DeJulio v. Georgia, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001) (decision to allow a non-party to participate as amicus curiae is solely within the broad discretion of the Court).

-2-

advanced by *amicus* when that argument was not raised or passed on below and was not advanced in this Court by the party on whose behalf the argument is being raised."). The issues addressed by *amici* may be resolved in the ordinary course of this litigation if and when such issues are raised by any Defendant.

Turning to Plaintiffs' request for expedited discovery, upon consideration of Plaintiffs' motion and supporting brief, as well as the declaration of Mr. Whitehead, the Court finds that Plaintiffs have established good cause for the expedited discovery they request. Where the Complaint alleges a prima facie case of copyright infringement, and where the lawsuit cannot proceed until Defendants are properly identified, Plaintiffs' motion for limited, immediate discovery in order to identify the Doe Defendants is due to be GRANTED.

ACCORDINGLY, IT IS HEREBY ORDERED:

Plaintiffs may serve immediate discovery upon Earthlink to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each Defendant.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

If and when Earthlink is served with a subpoena, within five (5) business days thereof it shall give notice to the subscribers in question of the subpoena. If Earthlink and/or any Defendant wishes to move to quash the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-five (25) days from the date of service.

If and when Earthlink is served with a subpoena, Earthlink shall preserve the

subpoenaed information in question pending resolution of any timely filed motion to quash.

Counsel for Plaintiffs shall provide a copy of this Order to Earthlink when the subpoena is served.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs' Motion for Leave to Take Expedited Discovery [2-1] is GRANTED.  *Amici's* Motion for Leave to File Memorandum as Amici Curiae [5-1] is also GRANTED.

SO ORDERED this 3rd day of _____March_____, 2004.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

- 4 -