FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

2004 APR -1 AM 8: 44

...COURT
...OF FLORIDA

**INTERSCOPE RECORDS; CAROLINE RECORDS, INC.; CAPITOL RECORDS, INC.; MAVERICK RECORDING COMPANY; WARNER BROTHERS RECORDS, INC.; LONDON-SIRE RECORDS, INC.; UMG RECORDINGS, INC.; SONY MUSIC ENTERTAINMENT, INC.; MOTOWN RECORD COMPANY, L.P.; ARISTA RECORDS, INC.; FONOVISA, INC.; BMG MUSIC; ATLANTIC RECORDING CORPORATION; ELEKTRA ENTERTAINMENT GROUP, INC.; PRIORITY RECORDS LLC; and VIRGIN RECORDS AMERICA, INC.,**

Plaintiffs,

-vs-

Case No. 6:04-cv-197-Orl-22DAB

**DOES 1--25,**

Defendants.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Plaintiffs' Response to this Court's Order to Show Cause entered on March 5, 2004. Doc. No. 7. Plaintiffs in this case are sixteen record companies who own or license copyrights in popular sound recordings in the United States. Plaintiffs have filed suit against twenty-five unidentified "John Doe" Defendants for copyright infringement. Doc. No. 1. On February 17, 2004, Plaintiffs sought leave to serve immediate

discovery on the third-party Internet Service Provider Bright House Networks to determine the true identities of the "John Doe" Defendants, asserting that venue and personal jurisdiction in this District are proper. Doc. No. 1 at 2.

On March 5, 2004, this Court denied without prejudice Plaintiffs' Motion and ordered Plaintiffs to show cause why this case should not be dismissed for improper joinder of Plaintiffs and Defendants, for an inadequate showing that this Court has personal jurisdiction over the Defendants, and for improper venue. Plaintiffs contend in their Response (Doc. No. 8) that the Court should reserve judgment on these issues until such time as all Defendants have been identified and are before the Court.

According to Plaintiffs, the unnamed Defendants in the case are individuals who are active participants in allegedly disseminating Plaintiffs' copyrighted works unlawfully over a peer-to-peer network[1]. Doc. No. 8 at 2. Defendants allegedly offered from their computers copyrighted sound recordings via the "Fast Track Network," the largest peer-to-peer network. *Id.* Plaintiffs allege Defendants' dissemination and copying of copyrighted material violates the copyright laws. *Id.* Plaintiffs discovered the Internet Protocol ("IP") address[2] from which each Defendant was allegedly making available Plaintiffs' copyrighted works, but could not discover the name, address, or any other contact information for each of the Defendants. Plaintiffs filed a Motion for Leave to Take Immediate Discovery seeking to obtain the identifying information for each Doe Defendant from Bright House

---

[1] A peer-to-peer network is an online media distribution system that allows users to transform their computers into an interactive Internet site, disseminating files for other users to copy. Doc. No. 8 at 2. When using a peer-to-peer network, participants typically use user names, and not their true names. Doc. No. 3 at 2 n.1.

[2] IP addresses are 10-digit numbers allotted in blocks to Internet Service Providers. The Internet Service Providers have complete control over the assignment of IP addresses to subscribers; there is no requirement that IP addresses be assigned according to where a subscriber lives.

Networks, the "Internet Service Provider with the majority of its subscribers located in Central Florida." Doc. No. 8 at 3. On March 5, 2004, the Court ordered Plaintiffs to show cause why this case should not be dismissed for improper joinder and lack of personal jurisdiction, and for improper venue. Plaintiffs' Motion was denied without prejudice to renewal after consideration of Plaintiffs' response to the Order to Show Cause. Doc. No. 7.

In their Response to the Court's Order to Show Cause[3], Plaintiffs contend that it is premature to raise the issues of improper joinder, personal jurisdiction, and venue before the Defendants are identified. Plaintiffs contend that the court must wait until the Defendants are identified and notified because personal jurisdiction and venue are defenses that depend on facts specific to each Defendant and may be waived; the Court cannot complete an analysis of Defendants contacts with the forum until Defendants are identified. The Court agrees that the issues of personal jurisdiction and venue can be addressed after the Defendants are identified.

However, the Court disagrees with Plaintiffs that it must also wait to determine whether severance will prejudice any party or result in undue delay of the litigation. The Court disagrees because the various Plaintiffs' claims against various Defendants are not logically related to each other.

*Federal Rule of Civil Procedure 20*

Plaintiffs rely on Civil Rule of Procedure 20, which allows permissive joinder of claims by plaintiffs or against defendants if the claims "aris[e] out of the same transaction, occurrences, or series

---

[3] In violation of Local Rule 1.05(d), the Response was not signed by Plaintiffs' counsel Karen Stetson, whose name was typed as counsel below the signature line, but by "K. Dowd," who is not listed with a typed name or Florida Bar number within the signature block. *See* United States District Court for the Middle District of Florida, Local Rule 1.05(d) ("All pleadings, motions, briefs, applications and other papers tendered by counsel for filing shall be signed personally by counsel as required by Rule 11, Fed. R. Civ. P. Immediately under every signature line, additional information shall be given as indicated . . .Typed Name of Counsel, Florida Bar Identification Number.")

of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a)[4]. A party seeking joinder of claimants under Rule 20 must establish two prerequisites: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. *Alexander v. Fulton County,* 207 F.3d 1303, 1323 (11th Cir. 2000). The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *Id.* The purpose of the Rule is to entertain "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs,* 383 U.S. 715, 724 (1966). Although the preconditions for permissive joinder are construed generously to permit the broadest scope of action commensurate with traditional notions of justice and fair play, the court possesses equally broad discretion to sever parties based on misjoinder. *See Alexander,* 207 F.3d at 1323. Rule 20(b) and Rule 42(b) vest in the district court the discretion to order separate trials or make such other orders as will prevent delay or prejudice. *Id.* "All logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* The determination of whether the situation constitutes the same transaction or occurrence for purposes of Rule 20 is determined on a case by case basis. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

The transactional test requires that, to be joined, parties must assert rights, or have rights

---

[4]Federal Rule of Civil Procedure 20(a) states in pertinent part:
All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities. Fed.R.Civ.P. 20(a).

asserted against them, that arise from related activities – a transaction or an occurrence or a series of such. "In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. No hard and fast rules have been established under the rule." *Id.* at 1333. Courts look at each case individually to determine whether the claims are logically related, thereby allowing "all reasonably related claims for relief by or against different parties to be tried in a single proceeding." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE 2D § 1653. Here, the record indicates that the parties and claims are not reasonably related or properly joined.

*Plaintiffs and Defendants Are Improperly Joined*

Plaintiffs contend that the Defendants "have participated in a common scheme or pattern of behavior," via the downloading and dissemination of Plaintiffs' sound recordings using the same network, "without which no Defendant would have been able to commit much of the infringing activity" that underlies Plaintiffs' Complaint. If Plaintiffs were not joined in a single lawsuit, they argue, each of the sixteen Plaintiffs would have to file separately against the 25 separate Defendants, which would result in 425 separate lawsuits.

The twenty-five Defendants' interactions with the sixteen different Plaintiffs fail to conform to the standards established by Federal Rule of Civil Procedure 20 because they do not arise out of the same transaction, occurrence, or series of transactions or occurrences. The record is bereft of any allegation that the twenty-five Defendants are jointly or severally liable to the sixteen Plaintiffs other than the Defendants use the Fast Track peer-to-peer network. Thus, Plaintiffs' claims against the Defendants must have arisen from the same transaction or occurrence to satisfy the permissive joinder preconditions.

Plaintiffs' Response to the Order to Show Cause indicates that the twenty-five Defendants use the Fast Track peer-to-peer network to offer music to other users of the system. Plaintiffs fail to show how or which of the Defendants have actually downloaded Plaintiffs' copyrighted songs from another Defendant (which could conceivably link such Defendants) as opposed to any other users of the systems. *See* Doc. No. 4 ¶ 13 ("offering files for download on various peer-to-peer networks") & ¶ 16 ("RIAA was . . . able to confirm files of each Defendant were illegal copies made available")

Beyond the circumstances that the Defendants used the Fast Track peer-to-peer network and that the Defendants access the internet through Bright House, no other facts connect the Defendants. Fast Track is the most popular peer-to-peer network with typically more than 3 million users online, compared with a million or fewer for the nearest competitors. Konstantinos Karagiannis, "Spyware-Free P2P—For Free," PC MAGAZINE, March 2, 2004. More than two million subscribers access the Internet through Bright House Networks. *See* Doc. No. 8 at 11.

None of the Defendants disseminated the same copyrighted material or songs belonging to the same set of Plaintiffs. *See generally* Doc. 1, Ex. A. For example, based on the "sample" of illegally disseminated material asserted in Plaintiffs' Complaint[5], Doe 1 made available for download eight songs owned by six different Plaintiffs and Doe 2 made available for download a different set of eight songs by a different set of six Plaintiffs. *See id.* The twenty-three other Defendants offered for download a unique set of copyrighted songs owned by an unique set of owner-Plaintiffs. *See id.* Viewing this scenario as satisfying the same transaction or occurrence standard effectively nullifies that test. When the meaning of a rule or statute is clear and unambiguous it must be given effect. Federal Rule of Civil Procedure 20 refers to the *same* transaction or occurrence not to *similar*

---

[5] According to Plaintiffs, each Defendant has offered hundreds or thousands of copyrighted sound recordings unlawfully on peer-to-peer networks. Doc. No. 8, Ex. A ¶ 5.

transactions or occurrences. Due to the lack of an uniformity between the Defendants, and the absence of any evidence attesting to joint action other than Defendants' use of "Fast Track", and the lack of any connective nexus among the Defendants, Plaintiffs have not satisfied the preconditions for permissive joinder set forth in Federal Rule of Civil Procedure 20.

Plaintiffs cite cases in support of their position, but those cases are readily distinguishable. In *Alexander v. Fulton County*, the Eleventh Circuit affirmed the joinder of the claims of eighteen white employees of the sheriff's department where all of the plaintiffs' claims stemmed from the same core allegation that they were subject to a *systemic* pattern or practice of race-based discrimination (against white law enforcement officers) by the same decision-maker in the same department during the same short time frame. 207 F.3d 1303, 1323 (11th Cir. 2000). The other case cited by Plaintiffs is equally inapposite. In *Moore v. Comfed Savings Bank,* the Eleventh Circuit held that joinder was proper for a class comprised of Georgia residents who secured loans backed by mortgages on Georgia land from the Land Bank. The Eleventh Circuit also affirmed joinder of the class of defendants who had purchased the Land Bank loan paper on the mortgages on the secondary market and the promissory notes and settlement papers signed by the borrowers were similar to each other. 908 F.2d 834, 836 (11th Cir. 1990).

Much more similar to the facts in this case are those cases in which severance was ordered on a finding that the parties and claims were misjoined because they held claims that superficially appeared to be related, but were actually unrelated. Directly on point is the case of *Bridgeport Music, Inc. v. 11C Music,* in which several plaintiff record companies brought suit against various music companies who "sampled" copyrighted music, alleging 477 claims of copyright infringement. 202 F.R.D. 229, 231 (M.D. Tenn. 2001). The court severed the claims against the various defendants,

finding that the songs giving rise to the counts in the plaintiffs' complaint and the activities leading to the production and distribution of the "sampled" songs were not a series of transactions or occurrences. Each song and the alleged sampling represented a discrete occurrence. *Id.* at 232. "The fact that certain defendants were involved in the production, publishing, and distribution of more than one allegedly offending song did not, in itself, cause the songs to be related occurrences in the manner contemplated by Rule 20(a)." *Id.*; *Rappoport v. Steven Spielberg, Inc.*, 16 F.Supp.2d 481, 496-97 (D.N.J. 1998) (severing claims against several defendants where they arose from separate and distinct acts of infringement by defendants involving separate and distinct ideas for movies or television series).

The court in *Bridgeport* rejected the identical argument Plaintiffs assert in this case, that the infringement counts are properly joined because the various Plaintiffs have suffered the same harm from copyright infringement in each of 425 instances. *Id.* "According to this logic, a copyright plaintiff could join as defendants any otherwise unrelated parties who independently copy material owned by a [single] plaintiff." That is precisely the situation at hand. Sixteen unrelated Plaintiffs have joined twenty-five unrelated Defendants who independently copied different songs owned by different Plaintiffs. Plaintiffs have failed to show the infringing activity arises from the same transaction or occurrence or series of transactions and occurrences. The only similarity is that Defendants apparently used the Fast Track network to make the songs available.

In *Tele-Media Co. of Western Connecticut v. Antidormi,* the district court found plaintiff cable service provider's single action against 104 defendants for violation of a pirating statute did not meet the same transaction requirement of Rule 20. 179 F.R.D. 75, 76 (D. Conn. 1998). As in the present case, the court ordered the plaintiff to show cause why joinder was permissible. *See id.* The plaintiff

argued the joint discovery of the alleged violations through the countermeasure satisfied the same transaction requirement of Rule 20. *Id.* The court found that the plaintiff's right to relief arose out of the defendants' alleged use of the altered converters and not out of the countermeasure that revealed their alleged use. The *Tele-Media* case is similar to the present case in that the Plaintiffs here base the "relatedness" of the transactions on nothing more than Defendants' alleged violations of the Copyright Act, and not on any related or interdependent actions of the Defendants. The same transaction requirement requires joint action or liability on the part of the Defendants and is not satisfied by the fact that the Defendants accessed the songs through Fast Track, the largest peer-to-peer network, or the fact that Defendant are 25 of the 2.1 million subscribers who access the Internet through Bright House Networks. *See* Doc. No. 8 at 2, 11.

Courts have consistently severed claims against unrelated defendants where the only similarly between the defendants are the allegations that they violated the same statute or acted in the same manner. *See, e.g., DIRECTV v. Loussaert*, 218 F.R.D. 639, 643-644 (S.D. Iowa 2003) (ordering severance of allegations against unrelated defendants who had allegedly violated the same statute, but where the alleged violations of each defendant did not arise out of the same transaction or occurrence); *Turpeau v. Fidelity Financial Services, Inc.*, 936 F.Supp. 975, 978 (N.D. Ga.1996) (misjoinder where each plaintiff had a separate and unrelated claim against separate unrelated lenders and life insurance defendants who happened to have engaged in a similar practice of allegedly overcharging for credit life insurance).

Moreover, as in *Bridgeport*, even "if the counts in Plaintiffs' complaint arose from the same series of occurrences, the Court would exercise the discretion afforded it to order a severance to avoid causing unreasonable prejudice and expense to Defendants and to avoid a great inconvenience in the

administration of justice." *Id.* (citing 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1652 (3d ed. 2001) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay."). The court recognized in *Bridgeport* that it could not try all of the various plaintiffs' 477 counts together because, if joined in one action, defendants would be subjected to an overwhelming onslaught of materials and information unrelated to the specific claims against them – all of which they would be required to pay their attorneys to review. *Id.* Thus, failure to sever the claims against the Defendants would unduly hinder and burden the Defendants. *See id.*

Severance is also necessary to avoid a great inconvenience to the Court. As another court has recognized, a single misjoined action may serve the interests of all the parties in reducing the plaintiff's fees and costs; however, it imposes a significant burden on the Clerk's office who, each time an order was docketed in the case, would be obliged to prepare and mail a copy of the order to every defendant. *Tele-Media Co. of Western Connecticut v. Antidormi*, 179 F.R.D. 75, 76 (D. Conn. 1998) (finding the advantages of a single action can also be achieved through consolidation for pre-trial purposes). In *Bridgeport*, the court severed the case with 477 claims in part finding it to be unmanageable because its "courtroom would seat only a small fraction of defendants and their attorneys, it [could] not even hold a hearing on the motions currently pending; it [could] not host a management conference; [and] it certainly [could] not try all– or even most – of the Plaintiffs' counts together." 202 F.R.D. 229 at 232-33.

Thereon, it is **RECOMMENDED** that all claims except those by the first Plaintiff (Interscope

Records) against the first Defendant (Doe 1[6]) be **SEVERED**. It is further **RECOMMENDED** that the other Plaintiffs and clams against other Defendants be **DISMISSED unless within 11 days** of any Order adopting this Recommendation the Plaintiffs initiate separate new actions. It is further **RECOMMENDED** that Plaintiff Interscope Records be allowed to renew its motion for individualized pre-service discovery, although Plaintiff has not shown how identification of the subscriber will directly indicate the identity of the intended Defendant who allegedly disseminated the copyrighted recordings.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida this **1st** day of **April**, 2004.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[6] Doe 1 is identified by the IP address: 24.73.44.203 2003-11-07 14:16:38 (EST). Doc. No. 1, Ex. A.

```
                         F I L E    C O P Y
```

Date Printed: 04/01/2004


Notice sent to:

      ___   Karen L. Stetson, Esq.
            Broad & Cassel
            Miami Center, Suite 3000
            201 S. Biscayne Blvd.
            Miami, FL   33131

            6:04-cv-00197    rdo

      ___   Randall C. Marshall, Esq.
            American Civil Liberties Union
            Foundation of Florida, Inc.
            4500 Biscayne Blvd., Suite 340
            Miami, FL   33137

            6:04-cv-00197    rdo