**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**



INTERSCOPE RECORDS; CAROLINE
RECORDS, INC.; CAPITOL RECORDS,
INC.; MAVERICK RECORDING
COMPANY; WARNER BROTHERS
RECORDS, INC.; LONDON-SIRE
RECORDS, INC.; UMG RECORDINGS,
INC.; SONY MUSIC ENTERTAINMENT,
INC.; MOTOWN RECORD COMPANY,
L.P.; ARISTA RECORDS, INC.;
FONOVISA, INC.; BMG MUSIC;
ATLANTIC RECORDING
CORPORATION; ELEKTRA
ENTERTAINMENT GROUP, INC.;
PRIORITY RECORDS LLC; and VIRGIN
RECORDS AMERICA, INC.,

                Plaintiffs,

-vs-                                    Case No. 6:04-cv-197-Orl-22DAB

DOES 1--25,

                Defendants.

**ORDER**

This cause comes before the Court for consideration of United States Magistrate Judge David A. Baker's April 1, 2004 Report and Recommendation (R&R) (Doc. No. 11), recommending that the undersigned judge sever all claims raised herein except those raised by the first Plaintiff (Interscope Records) against the first Defendant (Doe 1). The Plaintiffs filed objections (Doc. No. 12 ) on April 15, 2004.

13

Having reviewed the R&R (Doc. No. 11), the Plaintiffs' objections thereto (Doc. No. 12), and all relevant papers in the record, this Court **ADOPTS** Judge Baker's well reasoned memorandum opinion (Doc. No. 11), and **OVERRULES** the Plaintiffs' Objections (Doc. No. 12) thereto. On the face of the record, it is clear that permissive joinder is improper. None of the Defendants disseminated the same copyrighted material or songs belonging to the same set of Plaintiffs. The only similarity is that the Defendants apparently used the Fast Track network to make the songs available. Accordingly, each case presents a unique set of facts and circumstances.

Based on the foregoing, it is **ORDERED** that:

1. The April 1, 2004 Report and Recommendation (Doc. No. 11) issued by United States Magistrate Judge David A. Baker is **APPROVED** and **ADOPTED**.

2. All claims except those raised by the Plaintiffs against the first Defendant (Doe 1) shall be **SEVERED**.

3. The Plaintiffs claims against the remaining twenty-four (24) Defendants shall be **DISMISSED** unless within eleven (11) days from the date of this Order, the Plaintiffs initiate twenty-four (24) separate new actions.

4. If the Plaintiffs elect to initiate twenty-four (24) separate new actions, then the Plaintiffs shall present to the Clerk of Court at one time: (1) a JS-44 civil cover sheet for each new case; (2) the appropriate filing fee for each new case; and (3) a separate Complaint for each individual Doe Defendant.

5. In accordance with Rule 1.04(a) of the Local Rules of the Middle District of Florida, the Clerk shall directly assign each of the derivative cases filed by the Plaintiffs to the undersigned judge and to Magistrate Judge David A. Baker.

6. The Court reserves ruling on the issue of whether each individual Plaintiff should be severed to proceed individually against each individual Defendant until responsive pleadings are filed.

7. On or before Friday, May 28, 2004, the Plaintiffs may file a motion for individualized pre-service discovery in each of their respective cases.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida this 27th day of April, 2004.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Administrative Law Clerk
United States Magistrate Judge David A. Baker

F I L E   C O P Y

Printed: 04/28/2004


.ce sent to:

   ___   Karen L. Stetson, Esq.
          Broad & Cassel
          Miami Center, Suite 3000
          201 S. Biscayne Blvd.
          Miami, FL   33131

          6:04-cv-00197    rdo

   ___   Randall C. Marshall, Esq.
          American Civil Liberties Union
          Foundation of Florida, Inc.
          4500 Biscayne Blvd., Suite 340
          Miami, FL   33137

          6:04-cv-00197    rdo